UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBBIE TAKATA,<br><br>                    Plaintiff,<br><br>     v.<br><br>HARTFORD COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY, a foreign corporation; BATTELLE MEMORIAL INSTITUTE, a foreign corporation; and BATTELLE MEMORIAL INSTITUTE EMPLOYEES' LONG-TERM DISABILITY BENEFITS PLAN,<br><br>                    Defendants. | NO:  CV-11-5068-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE, DENYING AS MOOT DEFENDANTS' MOTION TO EXPEDITE, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on a motion, ECF No. 64, by Defendants Hartford Comprehensive Employee Benefit Service Company ("Hartford"), Battelle Memorial Institute ("Battelle"), and Battelle Memorial Institute Employees' Long-Term Disability Benefits Plan (the "Plan") (collectively, "Defendants") for a protective order to govern the production of discovery to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 1

Plaintiff Debbie Takata that the Court previously compelled in this case. The Court has reviewed the filings related to the motion for a protective order, including Defendants' motion, ECF No. 64, supporting memorandum, ECF No. 66, and supporting declaration, ECF No. 67, Plaintiff's memorandum in opposition, ECF Nos. 69 and 70, and Defendants' reply memorandum, ECF No. 71, and supporting declaration, ECF No. 72, and is fully informed.

### *Background*

On March 28, 2012, the Court granted in part and denied in part Plaintiff Debbie Takata's Motion to Compel Interrogatories and Requests for Productions. ECF No. 61 (Order); *see* ECF No. 19 (Motion). The Court compelled Defendant Hartford to produce "all published rules, guidelines, protocols, [and] standards regarding the decision making process for determining disability benefits for Battelle disability policies that were in force in whole or in part during all times that decisions relating to Plaintiff's claims for benefits were made," ECF No. 61 at 15, and Defendant Battelle to produce "all published plans, rules guidelines, protocols, standard, and criteria, whether published or internal, applicable to long-term disability coverage and/or claims, which were in force in whole or in part during all times decisions relating to Plaintiff's claims for benefits were made." ECF No. 61 at 17. The Court found that this information was "relevant to the determination of whether and to what extent there was a conflict of interest and

whether there were procedural irregularities." ECF No. 61 at 11. Following entry of the order on the motion to compel, during a telephonic status conference on April 3, 2012, the Court discussed briefly with the parties the Defendants' concerns regarding the sensitive and proprietary nature of Hartford's claims handling material, and the Court instructed the parties to work together, if possible, toward entry of a stipulated protective order. *See* ECF No. 67 at 2-3; ECF No. 62.

The parties were unable to agree upon a stipulated protective order. The primary dispute concerns whether Plaintiff's counsel may retain the discovered documents for use in later cases. Defendants assert that Plaintiff may properly use the discovered information only in this case in which the Court has found the information both relevant and discoverable. ECF No. 71. By contrast, Plaintiff's counsel emphasizes what he characterizes as a failure by Hartford to produce the information in prior ERISA cases in which he has represented clients, ECF No. 69 at 2, and, in an email to Defendants' counsel in relation to the disputed protective order, Plaintiff's counsel wrote, "I want to be able to use whatever I get in another case against Hartford, should one arise." ECF No. 67 at 60.

Defendants have provided a declaration from Bruce Luddy, the Director of Litigation and Appeals for Hartford, which asserts that Hartford's "job training materials, compensation paid to its employees[,] the evaluations of its employees," and an "on-line reference manual" ("Manual") are confidential. ECF No. 67 at 22.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER ~ 3

He also states that the Manual is a trade secret and "proprietary commercial document resulting from Hartford's 200 plus years of experience and expertise in the insurance industry [and] extensive research . . . ." ECF No. 67 at 22-23.

### *Applicable Law*

Public policy reasons support a strong presumption that the public may gain access to materials gathered during discovery once that material is filed with the court. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). Discovered, but not yet admitted, materials are not a "traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). However, even the presumption of public access is rebuttable upon a showing that "'good cause' exists to protect [] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c); *Phillips*, 307 F.3d at 1210.

To meet the good cause test, the moving party must show that "specific prejudice or harm" would result from the information being disclosed. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003). Broad statements of harm will not suffice. *Foltz*, 331 F.3d at 1130-31. There must be specific facts and examples supporting the asserted harm. *Foltz*, 331 F.3d at 1130-31. This burden must be met "for each particular document" that the moving party

wants to protect. *Foltz*, 331 F.3d at 1130. Once good cause has been shown, a court must balance the public and private needs to determine whether a protective order is necessary and state the factors the court weighed. *Foltz*, 331 F.3d at 1130.

When a motion for protective order seeks to cover a document containing a trade secret, the moving party must show (1) the existence of "a trade secret or other confidential research, development, or commercial information" and (2) that its disclosure would "be harmful to the party's interest in the property." Fed. R. Civ. Pro. 26(c)(1)(G); *Foltz*, 331 F.3d at 1131 (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)); *In re Remington Arms Co., Inc*, 952 F.2d 1029, 1032 (8th Cir. 1991).[1]

"Confidential business information" is "recognized as property." *Carpenter v. United States*, 484 U.S. 19, 26 (1987). Trade secrets are a unique type of property because the owner's interest is compromised by public disclosure of the

---

[1] Several federal courts have looked to § 757 of the Restatement of Courts for the definition of "trade secret":

> A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which give him an opportunity to obtain an advantage over competitors who do not know or use it.

RESTATEMENT OF TORTS § 757 (1939); *see Uniroyal Chemical Co., Inc. v. Syngenta Crop Protection*, 224 F.R.D. 53 (D.Conn. 2004), *United States v. IBM*, 67 F.R.D. 40, 46, note 9 (S.D.N.Y. 1975); *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D.Ill. 1998).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 5

secret. *Carpenter v. United States*, 484 U.S. 19, 26 (1987) ("[T]he extent of the property right . . . is defined by the extent to which the owner of the secret protects his [or her] interest from the disclosure of others."). If the trade secret becomes generally known, that property right "extinguishes." *Carpenter*, 484 U.S. at 26. Disclosure to the public and competitors is a type of harm that the protective orders are meant to guard against.

Once a moving party meets the burden of showing that there is confidential information and that disclosure would result in harm, the other party must show that the information is relevant and "necessary to prepare the case for trial." *Remington*, 952 F.2d at 1032. After this is shown, a court weighs the need for the information against the potential harm to which the moving party is subject. *Remington*, 952 F.2d at 1032. If the court requires the information to be disclosed to the other party, the court should "issue an appropriate protective order to safeguard the rights of the parties." *Remington*, 952 F.2d at 1033. When crafting this protective order, a court should consider that: (1) "the use of the discovered information should be limited to the particular lawsuit in which it has been shown to be both relevant and necessary to the prosecution," (2) it "should limit persons who are given access to the trade secrets," (3) "the reproduction of all confidential documents" should be limited, (4) a bond may be required "to protect against the risk of injury from disclosure of trade secrets," and (5) it "may designate an

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 6

1 attorney to serve as a custodian for all confidential documents." *Remington*, 952

2 F.2d at 1033.  A court must carefully consider whether the crafted protective order

3 will adequately protect against the moving party's concerns.  *Remington*, 952 F.2d

4 at 1033.

### *Analysis*

6     The manual and accompanying information that Hartford seeks to protect

7 contains "technical reference tools" and "best practices" by which Hartford

8 conducts its business.  ECF No. 67 at 24.  This information is the result of many

9 years of business and "extensive research."  ECF No. 67 at 23-24.  The processes

10 that have been developed create a "competitive advantage" from which Hartford

11 benefits economically.  *See* ECF No. 67 at 23.  Moreover, Hartford actively keeps

12 its Manual confidential by only granting certain employees access, through making

13 it password protected, and by requiring "recipients" and "users" to keep it "in strict

14 confidence."  ECF No. 67 at 23.  The Court is persuaded that public disclosure of

15 this information would harm Hartford, that competitive advantage would be lost if

16 the information becomes public or known by competitors, and that trade secret

17 status would be destroyed.

18     This Court already has determined that the information is relevant to the

19 determination of whether conflicts of interest or procedural irregularities exist and

20 has compelled the production of certain documents.  *See* ECF No. 61 at 11-12.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 7

Having compelled the production of documents that contain trade secrets and other confidential proprietary information, the Court finds that good cause supports protecting Defendants by requiring that materials justifiably marked as confidential not be disclosed to the public and that Plaintiff return those materials to Defendants after the close of this litigation. *See Remington*, 952 F.2d at 1033 ("In drafting a protective order for the discovery of trade secrets, the district court may take into account [that] use of the discovered information should be limited to the particular lawsuit in which it has been shown to be both relevant and necessary to the prosecution of the case.").

Plaintiff's counsel may not retain the information to use in any other case. If counsel needs the information in another case, at that time, he must make the necessary showings to compel the production of the trade secrets and confidential proprietary information.

Finally, while the Court is persuaded that Defendants seek to protect trade secrets and other proprietary information, as contemplated by Fed. R. Civ. P. 26(c), the Court notes that the proposed protective order lacks a definition for "Confidential Information," *see* ECF No. 66 at 9-17, and seemingly allows Defendants to mark anything as "confidential" without requiring a relationship to the material that the Court has found good cause for protecting. Therefore, the Court shall require an addition to the protective order that is set forth below.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 8

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion, **ECF No. 64**, is **GRANTED IN PART and DENIED IN PART.** The Court **adopts** Defendants' proposed Protective Order, reproduced as **Attachment A** to this Order, with the following additions:

   a. Paragraph 2 shall be modified as follows:

   The parties shall designate materials that constitute Confidential Information by placing, on, or affixing to, each document the word "Confidential." To designate Confidential Information consisting of multi-page documents bound together by staples or other binding, only the first page need to be stamped or marked "Confidential," provided, however, that if a multi-page document contains both allegedly confidential and non-confidential information, then the designating party shall indicate plainly on the document itself or in a cover memorandum which portions contain confidential information. **Should the party receiving discovery material marked "confidential" dispute whether the material qualifies as "confidential," or contains "a trade secret or other confidential research, development, or commercial information,"** see **Fed. R. Civ. P. 26(c)(1)(G), the party may challenge the designation by filing a short objection regarding the designation and arranging for a prompt telephonic discovery status conference with the Court.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 29th day of June 2012.

                                  *s/ Rosanna Malouf Peterson*
                               ROSANNA MALOUF PETERSON
                               Chief United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 9